UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. CHU,<br><br>    Petitioner,<br><br>  v.<br><br>SAN FRANCISCO COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 19-cv-04218-PJH<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His conviction occurred in San Francisco County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief petitioner seeks review pursuant to Proposition 57. It is not clear if he seeks to be paroled or to be resentenced. He also discusses certain enhancements from his sentencing. California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Cal. Const. art. I, § 32.

To the extent petitioner claims that California law has been violated, any such claim is dismissed because federal habeas relief is not available for state law errors. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted). Petitioner has not identified any violations of his federal constitutional rights in this petition, nor is it clear what claim was exhausted in state court. This court can only consider claims that have been presented to the California Supreme Court.

Petitioner is also informed, the text of Proposition 57 does not provide for existing prisoners to be resentenced. Although the state court cases addressing application of Proposition 57 are all unpublished decisions, they have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Dep't of Corr. and Rehab.*, 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). *See, e.g., People v. Patton*, 2018 WL 316967 (Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition 57 because it only provided a parole opportunity for certain inmates, *Wende* brief was filed in court of appeal; court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); *People v. Smith,* 2017 WL 6350319, *1-2 (Cal. Ct. App. Dec. 13, 2017) (unpublished) (same); *People v. Harris*, 2017 WL 4230834, *2 (Cal. Ct. App.

2

Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency"). The petition is dismissed with leave to amend to provide more information on his claim with respect to the legal standards and cases set forth above.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 7) is **GRANTED**.

2. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed no later than **September 21, 2019**, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the petition.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 22, 2019

PHYLLIS J. HAMILTON
United States District Judge