UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. CHU,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SAN FRANCISCO COUNTY SUPERIOR COURT,<br><br>　　　　　Respondent. | Case No. 19-cv-04218-PJH<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 8 |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief petitioner seeks review pursuant to Proposition 57 and that a parole eligibility date be set for him.[1] California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Cal. Const. art. I, § 32.

To the extent petitioner claims that California law has been violated and no parole eligibility date has been set, any such claim is dismissed because federal habeas relief is not available for state law errors. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted).

Petitioner was also instructed to discuss what claims had been exhausted in state court and was informed that this court can only consider claims that have been presented to the California Supreme Court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Petitioner has failed to address exhaustion in his amended petition. To the extent petitioner could present a federal claim, any such claim appears to be unexhausted. For all these reasons, this case is dismissed. If petitioner exhausts a proper federal claim, he may file a new petition in this court.

**CONCLUSION**

1. The motion to amend is (Docket No. 9) is **GRANTED** and the court has considered the amended petition

2. The petition is **DISMISSED** for the reasons set forth above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for

---

[1] Petitioner was sentenced to 12 years in 2018 for robbery and admitted to prior separate robbery convictions. Docket No. 9 at 8-9.

2

COA). The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: October 2, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge